Dennett v. Nevers.

---

## DENNETT *vs.* NEVERS *& als.*

Overseers of the poor are justifiable in advancing money, employing counsel, and rendering assistance in the prosecution of a bastardy process, the complainant being poor, and an inhabitant of their town.

And where they had done so, and procured a judgment of filiation, with costs, which were collected by the attorney of record for the complainant, and passed to the credit of the town, to which he had charged his fees ; and the record was afterwards quashed on *certiorari* ; it was held that neither the overseers, nor the town, nor the attorney, but the complainant alone was liable to refund the costs so paid.

THIS was an action of *assumpsit* for money had and received ; and came up by exceptions taken by the plaintiff to the opinion of *Whitman C. J.* before whom it was tried in the court below.

It appeared that one *Nancy Kneeland*, residing in *Sweden*, in the county of *Oxford*, had charged *Dennett*, before a magistrate of that county, with being the father of a bastard child, of which she had been delivered. *Dennet*, being an inhabitant of *Bridgton* in this

county, was arrested on a warrant issued upon that complaint by a magistrate of this county, and bound over to appear at the next Court of Common Pleas to be holden at *Paris* in the county of *Oxford* ; where, upon trial by the jury, he was found guilty, and was adjudged to be the father of the child ; and judgment was rendered for the complainant for her costs. These costs were collected by execution, and paid into the hands of *N. S. Littlefield*, Esq. the complainant's attorney of record.

The record in that case was afterwards brought before this court by *certiorari* sued out by *Dennett ;* and was quashed for want of the accusation in the time of travail, required by the statute. See 6 *Greenl.* 460. And the present suit was brought to recover back the costs recovered and paid as aforesaid.

It further appeared that the present defendants were selectmen and overseers of the poor in the town of *Sweden ;* and as such had employed and instructed Mr. *Littlefield* in the prosecution, and had procured evidence to support it; that Mr. *Nevers,* the principal defendant, advanced him ten dollars towards his fees ; that the complainant had never personally applied to Mr. *Littlefield ;* but on the contrary he considered the inhabitants of *Sweden* as his clients ; had charged to them his fees and expenses, amounting to about fifty-five dollars ; and had passed to their credit the money collected of *Dennett* for costs, being forty-three dollars and thirty-two cents.

It was also proved that *Nevers* said he had got the execution in the prosecution he had been carrying on against *Dennett ;* that he had advanced the money, and that it was coming to him, and he should want it in a fortnight ; and that at subsequent times he spoke of the prosecution as his own, or as the business of himself and the other defendants. And it did not appear that the town of *Sweden* had ever authorized the prosecution, or given any special instructions concerning it.

Upon this evidence, which was offered by the plaintiff, *Whitman C. J.* was of opinion that he had no right of action ; and ordered a nonsuit ; to which the plaintiff excepted.

*Fessenden* and *Deblois*, in support of the exceptions, referred to the statutes prescribing the duties and powers of overseers of the poor ; and argued that the power of instituting and conducting prosecutions of this sort, not being expressly given, nor necessarily incident to the exercise of any other power, was by strong implication excluded. *Hill v. Wells*, 6 *Pick.* 109. And having no authority from the town, the defendants must be considered as prosecuting in their own behalf as individuals ; and so bound in their private capacity to refund the money paid. *Sumner v. Williams*, 8 *Mass.* 162. It was their money, received by their agent ; *Ilderton v. Atkinson*, 1 *D. & E.* 480 ; *Matthews v. Hayden*, 2 *Esp.* 509 ; who, being attorney of record, might well receive it. *Langdon v. Potter*, 14 *Mass.* 309; *Lewis v. Gamage*, 1 *Pick.* 347 ; *Lazell v. Miller*, 15 *Mass.* 207.

*Longfellow*, for the defendants.

WESTON J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec.*

We are unable to discover any legal principle, upon which this action can be maintained. There was no privity whatever between the plaintiff and the defendants. His controversy was with *Nancy Kneeland.* She complained, and obtained judgment against him. This judgment has been vacated ; and he is entitled to recover back what he has paid under it. But he must seek his remedy against the party, on whose complaint he was charged. If the money she recovered has been received by others, they are liable to her for the amount, unless they have a claim against her for monies advanced in her behalf, and she permits them to retain it for their reimbursement. It appears that the defendants were active in promoting and forwarding the prosecution by advances and otherwise. But all must have been done with her privity and consent. Without her acquiescence, and indeed without her direct aid as a complainant and a witness, nothing could have been done. *Littlefield* must have been her attorney, although his retainer as such may have been procured upon the credit of others. When he received the

money, it was received by him as her attorney. He was liable to account with her for it ; and if he credited it to the town, he undertook to pay her debt, arising from advances made professedly in behalf of the town. She probably approved of this course ; but whether she did or not, neither the town nor the defendants were lible to refund the money to the plaintiff, if the judgment against him should be vacated ; any more than if she had received it with her own hand, and had paid it away for the purchase of goods, or in payment of an antecedent debt, the party to whom she might thus pay the same money could have been held liable to the plaintiff. *Littlefield* when he received it, received not the plaintiff's money, but *Nancy Kneeland's* to whom it had been adjudged. The plaintiff has now, by judgment of law, a right to reclaim the amount ; but it must be from her, and not from those to whom she may have paid the money she received. Whether the defendants would be able or not, to justify what they did in the prosecution, we are not aware of any ground upon which they can be charged in this action.

It has been contended that she was only nominal in the original suit, and that the defendants were then the real plaintiffs. But no private interest of theirs has been disclosed. She had not assigned to them what she might recover. She was not even their debtor, except for their advances, in which they claimed to act as public officers, in behalf of the town. They might assist her in her suit as a poor neighbor, without being liable to the charge of maintenance. The law admits of this, as a charitable and meritorious act.

But we see no reason why their official interposition may not be justified. The town had an interest in the prosecution, to be relieved from the maintenance of the child. Their interests are provided for in the final adjudication. She might be entirely without funds to conduct the prosecution, and the defendants well justified in making the necessary advances, as officers to whom were entrusted the prudential concerns of the town. It must therefore be regarded as a prudent and discreet official act. They had a right to stipulate in behalf of the town with *Littlefield*, that he should be paid for his services and disbursements.

Dennett *v.* Nevers.

It has been urged, that as the statute has expressly provided that after a prosecution of this kind has been commenced, the overseers of the poor of the town, liable for the support of the mother or the child, may prevent a settlement between the complainant and the putative father, they can have no other authority to interpose by implication. The interest of their town in the adjudication, is a sufficient ground for their official acts, as between them and the town, in aiding the prosecution with her assent and acquiescence, which must have existed in this case. They are authorized by statute to prevent a settlement, after her accusation and examination has been taken under oath, which she may be desirous of making. The only implication arising from this express provision is, that she is at liberty to institute a prosecution or not at her pleasure, but that she cannot settle it against the will of the overseers of the poor of the town.

The exceptions are overruled and the judgment affirmed.